UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN REED,

    Petitioner,

v.

MARY BERGHUIS, Warden

    Respondent.

Case No. 2:14-cv-12953
Honorable Laurie J. Michelson

**OPINION AND ORDER
DENYING PETITION FOR WRIT OF HABEAS CORPUS [1] AND
DENYING CERTIFICATE OF APPEALABILITY**

Allen Frances Reed pled guilty to possession with intent to deliver and delivery of 50 to 450 grams of a mixture containing cocaine. He asks this Court to release him from state prison by issuing a writ of habeas corpus. The bases for Reed's request for the writ are two: (1) that during his criminal trial, his counsel provided constitutionally deficient representation regarding the sentence that he faced, and (2) that the sentencing judge relied on faulty information in sentencing him to a 5- to 20-year term of imprisonment. (Dkt. 1, Pet. for Habeas at 5, 7.) Respondent Mary Berghuis, the warden at the correctional facility where Reed is an inmate, argues that release on these bases is not warranted. (*See generally* Dkt. 8, Resp. to Pet. for Habeas.) The Court agrees.

**I.**

The Court addresses Reed's second claim first, that the sentencing judge relied on erroneous information during sentencing.

Berghuis argues that Reed has defaulted on this claim because he failed to raise it in state court. (Resp. to Pet. for Habeas at 4–7.) In response, Reed says that he does not seek to withdraw

his plea but desires only a correct sentence. (Dkt. 10, Pet.'s Reply to Resp. to Pet. for Habeas at 1.) The Court need not wade into a potentially-thorny procedural-default analysis because it is plain that, even if not defaulted, the merits of this claim do not warrant a writ of habeas corpus. *See Bell v. Jackson*, 379 F. App'x 440, 443 (6th Cir. 2010) ("[B]ecause the merits of Bell's claims present a more straightforward route for resolving his petition, we need not consider the Warden's argument that Bell's claims are either unexhausted or procedurally defaulted.").

The crux of Reed's claim is that his presentence report contained an error that the judge relied on during sentencing. In particular, Reed believes that the guideline sentence in the report, 51 to 85 months, was calculated using a Class A offense grid despite that he had been convicted of only a Class B offense. (Dkt. 10, Pet.'s Reply to Resp. to Pet. for Habeas at 1.) Reed says that if the correct Class B offense grid had been used, his guideline would have been only 24 to 40 months. (*Id.* at 2.) It follows, Reed believes, that the sentencing judge would not have selected 60 months as his sentence (a point within the 51- to 85-month guideline range) but instead selected something in the 24- to 40-month guideline range. (*Id.*) Reed stresses that he has already served 50 months in prison. (*Id.*)

Aside from the fact that the 60-month term is Reed's *minimum* term of imprisonment (his maximum is 20 years, (*see* Dkt. 9, Rule 5 Materials, Plea Hr'g Tr. at 6–7)), the problem with Reed's argument is that he misunderstands how the 51- to 85-month guideline was derived. He believes that his 10 prior record variable points (a measure of his prior criminal history) and his 55 offense variable points (a measure of the nature of his offense) should be *added* together and then the total should be compared to the offense variable scale *only*. (*See* Br. in Supp. of Pet. for Habeas at 9-10.) Using this method, Reed points out that his 65 total points would have given him a guideline of 24 to 40 months on the Class B grid but 51 to 85 on the Class A grid. (*See* Pet.

2

for Habeas at Pg ID 32 (indicating the 60 to 78 offense variable point range on the Class A grid); Pet. for Habeas at Pg ID 33 (indicating the 50 to 74 offense variable point range on the Class B grid).) He infers, therefore, that the wrong grid was used.

But prior record variable points and offense variable points are not added together and then compared against only the offense variable scale. Instead, the grid is used like a grid. Offense variable points identify a row, prior variable points identify a column, and their intersection provides a sentencing guideline range. *See* Mich. Comp. Laws § 777.21(c); Michigan Judicial Institute, State of Michigan Sentencing Guidelines Manual at 6 (July 2010) ("An offender's recommended minimum sentence range is indicated by the numeric range in the cell located at the intersection of the offender's 'OV level' (vertical axis) and 'PRV level' (horizontal axis) on the appropriate sentencing grid."). Using this correct method, it is clear that the 51- to 85-month guideline range in Reed's presentence report was calculated using the Class B grid—it represents the intersection of the 10 points on the horizontal axis with the 55 points on the vertical axis. (*Compare* Pet. for Habeas at Pg ID 32, Class A grid, *with* Pet. for Habeas at Pg ID 33, Class B grid.) As Reed does not dispute his prior record variable score of 10 points, his offense variable score of 55 points, or that he committed a Class B offense, he has not demonstrated that the 51- to 85-month guideline range provided in his presentence report was error. And thus, he has not shown that the trial judge relied on faulty information in sentencing him to a minimum of 60 months in prison.

Reed's second claim for a writ of habeas corpus, even if not procedurally defaulted, therefore fails.

3

## II.

Reed's other basis for a writ of habeas corpus is based on his counsel's alleged mishandling of his potential sentence. (*See* Pet. for Habeas at 5.) To better understand this claim, some additional background is necessary.

Reed elected to plead guilty after this on-the-record discussion about his guideline range took place:

> THE COURT: Good morning.
>
> [REED'S COUNSEL]: With me is my client, Mr. Allen Reed. I understand today is the time and date set for pretrial. But as a result of discussions with the prosecuting attorney there has been a plea offer made in this case, wherein my client would be pleading guilty to Counts I and II in this matter. Counts III and IV would be dismissed at the time of sentencing. The prosecution and I have had discussions about the guidelines in this case. And it[']s been represented by the prosecutor the guidelines in this case would be from 19 to 38 months. And that's the extent of any and all —
>
> [PROSECUTOR]: I would advise that is an unofficial scoring, Judge. That's my scoring which may or may not be accurate. There is no sentencing agreement in this case, and I don't want the record to reflect something.
>
> THE COURT: Yeah, I'm just trying to figure out the plea agreement. So is this a plea to guilty—was it Counts I and II did you say?
>
> [REED'S COUNSEL]: Yes.
>
> THE COURT: And III and IV to be dismissed?
>
> [REED'S COUNSEL]: Yes.
>
> [PROSECUTOR]: Correct, Your Honor.
>
> [REED'S COUNSEL]: Also we would be asking the Court, and the prosecution has indicated that he would have no objection, we'd like to have sentencing delayed until after the holidays in this case, hopefully after the first of the year.
>
> THE COURT: Okay. [*Discussion about dates in January.*] . . .
>
> THE COURT: Okay. And for the record, are you Allen Reed?

> [REED]: Yes.
>
> THE COURT: And is that your understanding of the full plea agreement, Mr. Reed?
>
> [REED]: Yes.

(Dkt. 9, Rule 5 Materials, Nov. 9, 2010 Plea Hr'g Tr. at 3–4.)

As discussed, Reed's minimum guideline sentencing range ended up being 51 to 85 months. At sentencing, Reed's counsel addressed this higher-than-anticipated guideline as follows:

> Originally we had talked with the prosecutor and the discussion with the guidelines in this case was from 19 to 38 months, and that was mentioned at the time of our entry of the plea. However, the scoring is as it is, and I understand the Court made no promises or guaranties as to what would happen here before Your Honor. I would only ask the Court to take into consideration the lower end of the guidelines in this case of 50 months rather than the 85 months as indicated in the scoring guidelines.

(Rule 5 Materials, Jan. 11, 2011 Sentencing Hr'g Tr. at 7–8.)

Based on the foregoing, Reed says that his counsel provided constitutionally inadequate representation. (Pet. for Habeas at 5.) In particular, he asserts that his counsel should have objected to the 51- to 85-month guideline. (*Id.*) He also asserts that once the higher guideline became known, his counsel should have advised him of his rights to withdraw the plea. (*Id.*) Reed further maintains that—before he pled guilty—counsel should have determined the correct guideline and advised him of the 51- to 85-month range. (*See* Br. in Supp. of Pet. for Habeas at 7; *see also* Rule 5 Materials at Pg ID 140–67, Mot. for Relief from J. at 7.) Reed says that all of this prejudiced him because he "would not have entered into the plea deal had the plea deal been offered with the guidelines of 51 months to 85 months." (*Id.* at 8.)

Reed made these same arguments in a motion for relief from judgment filed with the state trial court. (*See generally* Rule 5 Materials at Pg ID 140–67, Mot. for Relief from J., *People v.*

*Reed*, No. 10-1582 (Alcona County Ct. filed Mar. 4, 2013).) The same judge that sentenced Reed denied the post-conviction motion as follows:

> This Court having read and considered the defendant[']s motion for relief from judgment, as well as the plea and sentencing transcripts, and finding that any scoring of the guidelines by the parties was unofficial and not part of a sentence bargain and not relied on for purposes of the plea, and further, that defendant did not request to withdraw his plea at the time of sentencing, and still further that the defendant is not entitled to the relief requested,
>
> IT IS ORDERED that defendant['s] motion for relief from judgment is hereby denied.

(Rule 5 Materials at Pg ID 171, *People v. Reed*, No. 10-1582, slip op. at 1 (Alcona County Ct. Mar. 7, 2013).)

Because the state trial court decided the merits of Reed's ineffective-assistance-of-trial-counsel claim, this Court's ability to grant Reed relief based on that claim is greatly circumscribed.[1] In particular, this Court "shall not" grant Reed habeas relief unless the state court's adjudication of his ineffective-assistance-of-trial-counsel claim was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). And even placing § 2254(d) aside, to succeed on an ineffective-assistance-of-counsel claim, Reed must

---

[1] The Michigan Court of Appeals denied Reed's delayed application for leave to appeal the denial of his motion for relief from judgment "for lack of merit in the grounds presented." (Rule 5 Materials at Pg ID 172, *People v. Reed*, No. 308125 (Mich. Ct. App. Mar. 16, 2012).) Given that Reed raised his ineffective-assistance-of-counsel claims in his application for leave to appeal (*see* Rule 5 Materials at Pg ID 213–15), this brief statement was also an adjudication on the merits for purposes of § 2254(d). *See Davis v. Rapelje*, 33 F. Supp. 3d 849, 856–58 (E.D. Mich. 2014). The Court, however, will defer to the trial court's explained decision on the merits rather than the appellate court's unexplained decision. *See id.* But it would reach the same result even if it deferred to the appellate court's decision. *See Harrington*, 562 U.S. at 98 ("Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief.").

show that "counsel's representation fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), where "the standard for judging counsel's representation is a most deferential one," *Harrington v. Richter*, 562 U.S. 86, 105 (2011).

Reed has not "[s]urmount[ed] *Strickland*'s high bar," *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). The Court does not disagree that Reed's counsel could perhaps have done more to independently calculate Reed's anticipated guideline range. But "[t]he question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington*, 562 U.S. at 105 (quoting *Strickland*, 466 U.S. at 689–90). It was not incompetent for defense counsel to rely on the prosecutor's calculation, especially where Reed was advised that this was a rough calculation and could well be different at the time of sentencing. It would also not have been incompetent for Reed's counsel to have thought that Reed wanted to plead guilty because the prosecution agreed to drop Counts III and IV (charges for possession with intent to deliver marijuana and Vicodin). (*See* Plea Hr'g Tr. at 3–4; Sentencing Hr'g Tr. at 6.) To this point, because the prosecutor stated for the record that his 19- to 38-month calculation "may or may not be accurate" (Plea Hr'g Tr. at 3–4), the state trial court did not unreasonably conclude that "any scoring of the guidelines by the parties was . . . not part of a sentence bargain and not relied on for purposes of the plea." *See* 28 U.S.C. § 2254(d)(2). Although Reed now asserts otherwise, i.e., that he accepted the plea to be eligible for a "boot camp program" for those sentenced under 36 months, he makes no allegation that this was conveyed to counsel prior to his plea. On this record then, the Court cannot say that Reed has shown that his counsel was constitutionally ineffective for failing to advise him of the correct guideline range prior to pleading guilty.

As for Reed's assertion that counsel should have objected to the 51- to 85-month sentencing guideline, counsel had no apparent basis to object. As explained, the 51- to 85-month range was correctly calculated and the 19- to 38-month range was presented as possibly inaccurate. "Trial counsel is not required to make frivolous objections to avoid a charge of ineffective representation." *Green v. United States*, 23 F.3d 406 (table), 1994 WL 144435, at *2 (6th Cir. 1994); *see also Norris v. Schotten*, 146 F.3d 314, 336 (6th Cir. 1998) ("Appointed counsel cannot be deemed ineffective for failing to raise frivolous claims."). And, as found by the trial court, it does not appear Reed gave counsel any indication he wanted him to object.

For essentially the same reasons, Reed's assertion that counsel should have advised him of his rights to withdraw his plea once the 51- to 85-month guideline range became known also does not warrant habeas relief: it is doubtful that Reed would have had any basis to withdraw his plea given that the 19- to 38-month range was presented as a mere possibility, and Reed fails to aver that he ever informed his counsel that the difference between the two ranges would have impacted his decision to plead guilty.

In all, Reed has not shown that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687.[2]

---

[2] To the extent that Reed's habeas corpus petition could be construed as additionally claiming that his guilty plea was not intelligent and not knowing (separate from his claim that his counsel was ineffective), habeas relief is still not warranted. Reed says that he did not understand the direct consequences of pleading guilty, namely a sentence guideline range of 51 to 85 months. (Br. in Supp. of Pet. for Habeas at 7.) But, as explained, on the record and prior to Reed pleading guilty, the prosecutor made clear that there was "no sentencing agreement" and that the 19- to 38-month guideline might be inaccurate. Thus, as also explained, the state trial court reasonably found that the plea bargain did not involve a promise of any particular sentence. *See* 28 U.S.C. § 2254(d)(2). And Reed said on the record that he understood the plea agreement. Reed, therefore, has not shown that his plea was unintelligent or unknowing. *See Meek v. Bergh*, 526 F. App'x 530, 536 (6th Cir. 2013) ("A plea-proceeding transcript that suggests that a plea

### III.

For the reasons given, Reed's petition for a writ of habeas corpus is DENIED. The Court does not believe that reasonable jurists could debate this Court's findings, or that Reed should be encouraged to pursue his claims further. So the Court DENIES Reed a certificate of appealabilty. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). And, should Reed nonetheless attempt to appeal, he may not do so without prepaying the filing fee. *See* 28 U.S.C. § 1915(a)(3). As this order ends this case, a separate judgment will follow.

SO ORDERED.

          s/Laurie J. Michelson
          LAURIE J. MICHELSON
          United States District Judge

Dated: October 23, 2015

### PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 23, 2015.

          s/K. Winslow
          CASE MANAGER GENERALIST and
          DEPUTY CLERK

---

was made voluntarily and intelligently creates a 'heavy burden' for a petitioner seeking to overturn his plea."); *Boyd v. Yukins*, 99 F. App'x 699, 703 (6th Cir. 2004) ("A defendant's statements on the record during a plea colloquy that he or she understands the nature and the consequences of the plea provide strong evidence that a plea was intelligent and knowing.").